UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMY LEE MORRIS                                                              PLAINTIFF

v.                                                         CIVIL CASE NO 3:12-cv-863-DPJ-FKB

MICHAEL D. FOX, JR. and
SCHROER TRUCKING, INC.                                                     DEFENDANTS

ORDER

This negligence action is before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 [84] and Plaintiff's Motion to Allow the Plaintiff to Supplement his Response to Defendants' Motion to Dismiss [104].  The Court, having considered the memoranda and submissions of the parties, and having discussed the issue with counsel during the pretrial conference, finds that Defendants' motion [84] should be denied and Plaintiff's motion [104] should be granted as unopposed.

I.      Facts and Procedural History

This case arises from a March 19, 2012 traffic accident in Rankin County, Mississippi. Plaintiff Tommy Lee Morris was a passenger in a car that collided with a tractor-trailer driven by Defendant Michael D. Fox and owned by Defendant Schroer.  Morris alleges injury to his left shoulder, but Defendants claim that he failed to disclose the extent of his pre-existing injuries. They therefore filed the instant motion to dismiss Morris's claims, alleging that Morris committed willful discovery violations.

II.     Standard of Review

Defendants seek sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) and (c)(1)(C).  Under Rule 37(b), "If a party . . . fails to obey an order to provide or permit discovery

. . . the court where the action is pending may issue further just orders . . . includ[ing] . . . dismissing the action in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Under Rule 37(c), "If a party fails to provide information or identify a witness . . . the court . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi)." Fed. R. Civ. P. 37(c)(1)(C).

"The district court 'has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct.'" *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990)). But that discretion is limited, as the district court must find four factors before dismissing under Rule 37:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Refining & Chem. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (quoting *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008)). Dismissal with prejudice under Rule 37 is a "'draconian' remedy, or a 'remedy of last resort' only to be applied in extreme circumstances." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985) (citations omitted).

III.   Analysis

Defendants argue that dismissal is warranted because Morris lied in his responses to interrogatories and in his deposition testimony. Specifically, Defendants claim Morris falsely

denied having left-shoulder problems before the subject accident,[1] pointing to one interrogatory response and three answers to questions posed during his deposition. Defs.' Mot. [84] at 3–4.[2]

As a preliminary matter, Morris argues that Rule 37(b) does not apply because there is no discovery order which Morris is alleged to have violated, and therefore there can be no dismissal or other sanction. Even if Morris were correct that Rule 37(b) does not apply—and Defendants have not pointed to a specific Court order that Morris violated—the Court may still impose sanctions, including dismissal, under Rule 37(c)(1)(C). And Morris makes no argument that Rule 37(c) is not applicable here.

    A.     Plaintiff's Discovery Responses

Interrogatory No. 21 asked Morris to "identify and describe . . . injuries of any nature that you have sustained both before or after the date of the subject accident." Defs.' Mot. [84] Ex. B. Morris responded: "Plaintiff notes that he has NEVER injured his left shoulder before the subject motor vehicle accident." *Id.* (emphasis in original). Morris later gave the following deposition testimony:

> Q: Okay. Have you ever had any left shoulder problems before this accident?
> A: No. If I had, I would have fixed it.
>
> . . .
>
> Q: Were you completely pain free in the year before this accident?

---

[1] In his response, Morris slightly mischaracterizes Defendants' argument. According to Morris, Defendants claim that Morris "basically lied about injuring his left shoulder in the . . . wreck" and that Morris "already had this torn rotator cuff before this accident." Pl.'s Resp. [94] at 3.

[2] Defendants also argue that witnesses Gloria Rayford and Margaret Johnson lied in their deposition testimony. Rule 37 speaks only of the failures of a "party"—or a party's designee if the party is an organization—and does not apply to alleged conduct by non-party witnesses.

>A: Yes. The only—only way I have a pain or something, if I—if I played basketball . . . and it stay sore for a while or whatever.  But I never had no big problem in my left arm.
>
>. . .
>
>Q: . . . Did you have—when you applied for disability back before this accident, did you have any problems—any mental problems, any sort of depression or anxiety or anything?
>A: When your client hit me, my shoulder had nothing to do with my past health.  I never been to the doctor for this left shoulder.

Defs.' Mot [84] Ex. C, Morris Dep. 71, 93–94, 106.  Defendants argue that these statements conflict with evidence showing that Morris did in fact have prior problems with his left shoulder.  They point to Morris's medical records from the Department of Veterans Affairs, which indicate that Morris presented with left shoulder pain on August 27, 2008; October 30, 2008; and March 25, 2009.  *Id.*, Ex. F, VA Records.

Finally, Defendants point to a Social Security Administration questionnaire completed by Morris's friend Margaret Johnson and dated March 3, 2009, in which Johnson stated that Morris had pains in the left shoulder and mentioned "left rotator cup."  *Id.*, Ex. G, SSA Questionnaire.

B. Four-Factor Test

1. Willfulness or Bad Faith / Clear Record of Contumacious Conduct

Defendants argue Morris misrepresented his condition and did so willfully and in bad faith because he had the opportunity to clarify in his deposition but maintained his position that he did not previously have issues with his left shoulder.  While the responses seem evasive, the Court is not willing to say they were willful or in bad faith.

As an initial matter, some of his responses were not technically inaccurate, but others were demonstrably false.  For example, Defendants have now produced evidence of certain

injuries to Morris's left shoulder that occurred in the 1980's.  *See* Defs.' Resp. [108] Exs. A–D.  Yet Morris stated in response to Interrogatory No. 21, that he "NEVER" had such an injury.  His deposition testimony was likewise false in some respects, like his response denying that he "ever had *any* left shoulder problems before this accident."  Morris Dep. at 71 (emphasis added).

As to the false responses, scienter is unclear.  There is no dispute that Morris was disabled before the accident and has a decades long history of various physical problems for which he has sought frequent medical attention.  The medical records also reflect mental issues, possibly including memory loss.  So while he failed to mention injuries or accidents occurring some thirty years ago, it is possible that he simply forgot.

In addition, Morris did disclose problems with his left shoulder during his deposition.  After falsely denying that he had "*any* left shoulder problems before this accident," Morris Dep. at 71, Morris qualified that statement in response to the very next question:

> Q:   Okay.  You don't recall any kind of pain complaints or anything like that *from your left shoulder* before the accident?
> A:   I have arthritis.  Anybody our age have arthritis sometime. . . .  You know, we all have that.  But you can tell when something tear if you been through it . . . ."

Morris Dep. at 71 (emphasis added).  Morris was not asked to elaborate.  And this was not the only time Morris acknowledged left-shoulder pain.  When asked whether he had been "completely pain free in the year before," Morris said yes but immediately qualified that response stating "only way I have a pain . . . if I played basketball . . . and they hit me on – give me a frog or something, and it stay sore for a while . . . ."  *Id*. at 93–94.  Indeed a basketball injury was one of the accidents Defendants later identified as having involved his left shoulder.  *See* Defs.' Resp. [198] Ex. C.  He then stated that he never had "no *big* problem in my left arm."  Morris Dep. at

5

71 (emphasis added).  Whether that statement was true is debatable, but Morris was not asked to clarify what he meant by "big problem[s]."  *Id.*

So while Morris's testimony was false, it is possible—given his mental health and host of physical impairments—that he merely forgot.  And his denial of any problems must also be viewed in light of his very next response that he had arthritis in his left shoulder.  On these facts, the Court cannot say that his omissions were in bad faith or that they demonstrate a clear history of contumacious conduct.   Dismissal would be too harsh a sanction.

### 2. Whether the Violation is Attributable to the Client

The second factor requires that the conduct be attributable to the client rather than his attorney.  The responses were Morris's own, so that factor is present.

### 3. Whether Defendants were Prejudiced

As to the third factor, Defendants argue they were prejudiced because the expert designation and discovery deadlines have expired and Morris made no effort to depose his treating physicians.  Defs.' Mem. [85] at 7.  But during the pretrial conference, Defendants announced that they are ready for trial and that no additional discovery is necessary.

### 4. Whether Less Drastic Sanctions Would Deter

The last requirement is that "a less drastic sanction would not substantially achieve the desired deterrent effect."  *Moore*, 735 F.3d at 316.  Defendants state that dismissal is the only viable remedy at this late stage of the proceedings.  Defs.' Mem. [85] at 7.  Having discussed the matter during the pretrial conference, it appears that Defendants do not seek lesser sanctions.

Nevertheless, Morris must answer for his sworn responses, and he will no doubt face considerable impeachment on cross examination.  In sum, the factors do not support dismissal.[3]

IV.     Conclusion

The Court has considered all the arguments.  Those not specifically addressed would not change the result.  For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 [84] is denied and Plaintiff's Motion to Allow the Plaintiff to Supplement his Response to Defendants' Motion to Dismiss [104] is granted.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2014.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE

---

[3] Morris also argues that Defendants' motion should be denied because they failed to file a good-faith certificate as required by Uniform Local Civil Rule 37.  Pl.'s Resp. [94] at 20.  Defendants did not address this point in their Reply.  As the Court denies the motion on other grounds, it need not address this issue.